**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. _____

JONATHAN MALLARD, on behalf of himself
and others similarly situated,

                Plaintiff,

v.

CLUB EXPLORIA, LLC, d.b.a. Exploria
Resorts,

                Defendant.

## CLASS ACTION COMPLAINT

Plaintiff Jonathan Mallard ("Plaintiff"), individually and on behalf of others similarly situated, alleges the following against Club Exploria, LLC, d.b.a. Exploria Resorts ("Exploria" or "Defendant").

## SUMMARY OF THE ACTION

1.      Exploria, or an agent acting on its behalf, repeatedly called Plaintiff's cellular phone—sometimes three times per day—for the purpose of encouraging him to purchase an Exploria resorts timeshare. Exploria, or its agent, used an automatic telephone dialing system ("ATDS") and an artificial or prerecorded voice to make these calls. Plaintiff never consented to receive calls from Exploria and has no prior affiliation with Exploria. Plaintiff has repeatedly asked that Exploria stop calling his cellular phone, but he continues to receive these telemarketing calls.

2.      Plaintiff brings this class action for damages and other equitable and legal remedies resulting from Defendant's violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

1

## PARTIES

3.     Defendant Exploria is a Florida corporation with its principal place of business in Clermont, Florida. With approximately 1200 employees, Exploria is represented in four primary marketing and sales operations to support its collection of resorts and hotels in Florida, Tennessee, Missouri, and Pennsylvania.

4.     Plaintiff Jonathan Mallard resides in Franklin, North Carolina.

## JURISDICTION AND VENUE

5.     This Court has original jurisdiction under 28 U.S.C. § 1331 based on Plaintiff's claims under the TCPA, 47 U.S.C. § 227, *et seq.*

6.     This Court has personal jurisdiction over Defendant because its principal place of business is within the State of Florida and it has sufficient minimum contacts in Florida to render the exercise of jurisdiction by this Court proper and necessary.

7.     Venue is likewise proper in this District pursuant to 28 U.S.C. § 1391(b), § 1391(c)(2), and § 1391(d), because its significant contacts in this District subject it to this Court's Defendant personal jurisdiction. Defendant owns and operates two resorts within this District: the "Grand Seas Resort" in Daytona Beach, Florida, and the "New Smyrna Waves" in New Smyrna Beach, Florida. Moreover, Defendant makes calls to members of the Class for the purpose of selling vacation packages and timeshares at these same properties. Defendant's significant and ongoing business within this District would be sufficient to subject it to personal jurisdiction if this District were a separate State and, accordingly, venue is proper herein.

## FACTUAL ALLEGATIONS

**A.     Defendant or its Agent Used an Autodialer and an Artificial or Prerecorded Voice to Make Telemarketing Calls to Plaintiff's Cellular Phone Without His Prior Express Written Consent.**

8.     Defendant, or an agent acting on its behalf, called Plaintiff's cellular phone repeatedly. For example, in the last three months, Plaintiff estimates that he received at least 19 calls from Defendant or its agent. Plaintiff received calls from the following numbers, among others: 407-519-3781, 407-519-3671, 407-519-3315, 407-519-3699, 407-519-3783, 407-519-3769, 407-519-3770, 407-519-3667, 407-519-3732, 407-519-3731, 407-519-3713, 407-519-3722, 407-519-3293, and 407-519-3714.

9.     All of the calls transmit the same message, which encourages the purchase of a vacation stay package or timeshare. All of the calls are delivered with an artificial or prerecorded voice, which prompts the called party to "press 1" if he or she is interested in learning more information about the timeshare offer.

10.     The messages do not clearly state the identity of the caller at the beginning of the message, do not clearly state Exploria's telephone number, and do not provide a phone number that called parties can call back to make a do-not-call request. The messages also do not provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to make a do-not-call request.

11.     On at least two occasions in May 2018, Plaintiff pressed 1 to speak to a representative so that he could ask to be placed on the do-not-call list. Plaintiff was connected to an Exploria agent or employee who offered to sell him a timeshare at an Exploria resort. Plaintiff told Exploria that he was not interested in purchasing a timeshare and that he did not want to receive Exploria's calls anymore. Plaintiff also asked to be removed from Exploria's calling list. Despite this request, Plaintiff continues to receive calls from Exploria on his cellular phone.

12.     On one occasion, an Exploria representative simply hung up on Plaintiff after he asked to stop receiving Exploria's calls.

13.     Plaintiff did not provide his cellular phone number to Defendant and did not consent to receive these calls. He has never stayed at any Exploria resort and has no prior affiliation with Exploria resorts.

14.     Plaintiff's cellular phone number—the number on which he received Defendant's telemarketing calls—has been registered on the national do-not-call registry since August 19, 2005.

15.     Each call that Defendant made to Plaintiff after Plaintiff asked Defendant to stop calling was knowing or willful. Defendant, moreover, is aware of the TCPA's prohibitions against the use of automatic dialing systems and the use of artificial or prerecorded voices to make calls to cellular phones without the prior express consent of the called party. Defendant intentionally or willfully caused autodialed, telemarketing calls to be made to the cellular phones of Plaintiff and other consumers without their prior express written consent

16.      Defendant's calls to Plaintiff had no emergency purpose. Rather, Defendant advised Plaintiff that its calls were for the purpose of renting or selling a timeshare.

**B.     Defendant Used an Automatic Telephone Dialing System.**

17.     Defendant called Plaintiff on his cellular phone using an ATDS, as evidenced by the robotic pacing and awkward intonation of Defendant's message, which audibly differs from a live human voice. In addition, the message instructed called parties to "press 1" to speak to a representative—a response that would be meaningful to an ATDS, but not a human caller.

18.     For all of the calls Plaintiff received from Defendant or its agent, there was a time interval before the artificial or prerecorded voice joined the line, which is characteristic of an automated dialer.

19.     With over 85,000 customers and resorts in four different states,[1] the scale of Defendant's business requires a sophisticated phone system capable of storing phone numbers and dialing them automatically.

20.     The equipment used to call Plaintiff and others not only had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, but was programmed to sequentially or randomly access stored telephone numbers to automatically call such numbers for the calls that are the subject of this case. The calls were made with equipment capable of dialing numerous phone numbers in a short period of time without human intervention.

**C.     Defendant's Violations of the TCPA Harmed Plaintiff.**

21.     Plaintiff carries his cellular phone with him at most times so he can be available to family and friends.

22.     Defendant's repeated calls invaded Plaintiff's privacy and intruded upon his right to seclusion. The calls frustrated and upset Plaintiff by constantly interrupting his daily life and wasted his time by requiring Plaintiff to retrieve and administer messages left by Defendant's calls.

23.     Defendant's calls intruded upon and occupied the capacity of Plaintiff's cellular phone and depleted the battery of Plaintiff's cellular phone. The calls temporarily seized and trespassed upon Plaintiff's use of his cellular phone, and caused him to divert attention away from other activities to address the calls. The clutter of Defendant's calls also impaired the usefulness of the call log feature of Plaintiff's cellular phone.

---

[1] http://www.exploriaresorts.com/about-us/ (last visited July 17, 2018).

## CLASS ACTION ALLEGATIONS

24.     Plaintiff brings this lawsuit under Federal Rules of Civil Procedure Rules 23(a),

(b)(2), and (b)(3) as a representative of the following three classes:

> Autodialer/Prerecord Class: All persons within the United States who (i) received any telephone call from Defendant or some agent acting on its behalf; (ii) to said person's cellular telephone; (iii) through the use of an automatic telephone dialing system and/or with an artificial or prerecorded voice; (iii) which call was not made with the recipient's prior express written consent; and (iv) which call was made for the purpose of encouraging the purchase of goods or services.

> Internal Do Not Call Class: All persons who (i) received two or more calls within twelve months of each other; (ii) from or on behalf of Defendant; (ii) which calls were made for the purpose of encouraging the purchase of goods or services.

> National Do Not Call Class: All persons who registered their telephone numbers on the national do-not-call registry at least 31 days prior to being called by Defendant on the registered number; and who then (i) received two or more calls from Defendant within twelve months of each other; (ii) which calls were made for the purpose of encouraging the purchase of goods or services.

25.     Excluded from the Classes are Defendant, its employees, agents and assigns, and

any members of the judiciary to whom this case is assigned, their respective court staff, and the

parties' counsel in this litigation. This suit seeks only damages and injunctive relief for recovery

of economic injury on behalf of the Class; it does not seek recovery for personal injury and claims

related thereto. On information and belief, members of the above-defined Class can be identified

through Defendant's records.

26.     **Numerosity**. The exact size of the class is information within the exclusive

knowledge of Defendant, but Plaintiff believes there are at least thousands of Class members. This

allegation is likely to have evidentiary support after a reasonable opportunity for further

investigation or discovery. This allegation is based on the following information: (1) Defendant

provides services to over 85,000 customers in four different states; and (2) the purpose of automated dialers is to call numerous persons in a short amount of time.

27.     The alleged size and geographic dispersal of the Class makes joinder of all Class members impracticable.

28.     **Commonality and Predominance**. Common questions of law and fact exist with regard to each of the claims and predominate over questions affecting only individual Class members. Questions common to the Class include:

(a)     Whether Defendant's or its agent's dialing system(s) constitute an automatic telephone dialing system under the TCPA and/or the FCC's rules;

(b)     Whether Defendant or its agent used an automatic telephone dialing system to place telemarketing calls on the cellular telephones of Plaintiff and Class members without their prior express written consent;

(c)     Whether Defendant or its agent used an artificial or prerecorded voice in connection with the placement of non-emergency calls on the cellular telephones of Plaintiff and Class members without their prior express consent;

(d)     Whether Defendant's internal do-not-call compliance mechanisms, if any, comply with 47 C.F.R. § 64.1200(d);

(e)     Whether Defendant's telephone calls were made knowingly or willfully;

(f)     Whether Plaintiff and Class members were damaged by receiving such calls, and the extent of those damages; and

(g)     Whether Defendant should be enjoined from engaging in such conduct in the future.

29.    **Typicality**. Plaintiff's claims are typical of the claims of the Class, in that Plaintiff, like all Class members, has been injured by Defendant's uniform misconduct: (i) the placement of telemarketing calls on cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice without prior express written consent; and (ii) the placement of telemarketing calls without instituting procedures that meet the minimum standards for maintaining an internal do-not-call list.

30.    **Adequacy of Representation**. Plaintiff will fairly and adequately protect the interests of the Class and is committed to the vigorous prosecution of this action. Plaintiff has retained counsel experienced in complex consumer class action litigation and matters involving TCPA violations.

31.    **Superiority**. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the amount of each individual Class member's claim is small relative to the complexity of the litigation, and because of Defendant's financial resources, class members are unlikely to pursue legal redress individually for the violations detailed in this complaint. Class-wide damages are essential to induce Defendant to comply with Federal law. Individualized litigation would significantly increase the delay and expense to all parties and to the Court and would create the potential for inconsistent and contradictory rulings. By contrast, a class action presents fewer management difficulties, allows claims to be heard which would otherwise go unheard because of the expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

32.    Class certification is also appropriate under Rule 23(b)(2) because Defendant has acted and refused to act on grounds that apply generally to the Class such that final injunctive and/or declaratory relief is warranted with respect to the Class as a whole.

## FIRST CLAIM FOR RELIEF
### Negligent Violation of the Telephone Consumer Protection Act
### 47 U.S.C. § 227, *et seq*
### (On Behalf of the Autodialer/Prerecord Class)

33.     Plaintiff incorporates the above allegations by reference.

34.     Defendant or its agent used an automatic telephone-dialing system and/or an artificial or prerecorded voice to make non-emergency calls to the cellular telephones of Plaintiff and Class members, without their prior express consent.

35.     The foregoing acts and omissions constitute negligent violations of the TCPA, including, but not limited to, violations of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §§ 64.1200(a)(1)(iii) and 64.1200(a)(2).

36.     Under 47 U.S.C. § 227(b)(3)(B), and as a result of the alleged negligent violations of the TCPA, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every call placed in violation of the TCPA.

37.     Plaintiff and Class members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

## SECOND CLAIM FOR RELIEF
### Knowing or Willful Violation of the Telephone Consumer Protection Act
### 47 U.S.C. § 227, *et seq*
### (On Behalf of the Autodialer/Prerecord Class)

38.     Plaintiff incorporates the above allegations by reference.

39.     Defendant used an automatic telephone-dialing system and/or an artificial or prerecorded voice to make non-emergency calls to the cellular telephones of Plaintiff and Class members, without their prior express consent.

40.     The foregoing acts and omissions constitute knowing and/or willful violations of the TCPA, including, but not limited to, violations of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §§ 64.1200(a)(1)(iii) and 64.1200(a)(2).

41.     Pursuant to 47 U.S.C. § 227(b)(3)(C), and as a result of the alleged knowing and/or willful violations of the TCPA, Plaintiff and Class Members are entitled to an award of $1,500.00 in statutory damages for each and every call placed in violation of the statute.

### THIRD CLAIM FOR RELIEF
**"Internal Do Not Call" and "National Do Not Call" Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §§ 227, *et seq***
**(On Behalf of the Internal Do Not Call Class and the National Do Not Call Class)**

42.     Plaintiff incorporates the above allegations by reference.

43.     Defendant or its agent made two or more telemarketing calls within twelve months of each other to Plaintiff and Class members without instituting procedures that meet the minimum standards of 47 C.F.R. § 64.1200(d). Specifically, Defendant's telemarketing messages did not clearly state the identity of the caller at the beginning of the message, did not clearly state Exploria's telephone number, and did not provide a phone number that called parties can call back to make a do-not-call request. The messages also did not provide an automated, interactive voice-and/or key press-activated opt-out mechanism for the called person to make a do-not-call request.

44.     Defendant did not honor the called parties' requests to be placed on its do-not-call list and to not receive calls from or on behalf of Defendant.

45.     Defendant or its agent made two or more telemarketing calls within twelve months of each other to Plaintiff and Class members who had registered their telephone numbers on the national do-not-call registry at least 31 days prior to receiving such calls from Defendant.

46.     Pursuant to 47 U.S.C. § 227(c)(5)(B), and as a result of the alleged violations of the TCPA, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each violation. Pursuant to 47 U.S.C. § 227(c)(5)(C), Plaintiff and Class members are entitled to treble damages for each knowing or willful violation.

47.     Plaintiff and Class Members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Classes defined above, respectfully requests that this Court:

(a)     Determine that the claims alleged herein may be maintained as a class action under Federal Rule of Civil Procedure 23, and issue an order certifying the classes defined above and appointing Plaintiff as the Class representative;

(b)     Award $500 in statutory damages for each and every call that Defendant or its agent negligently placed in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

(c)     Award $1,500 in statutory damages for each and every call that Defendant or its agent willfully or knowingly placed in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

(d)     Award $500 in statutory damages for each and every call that Defendant or its agent negligently placed in violation of 47 U.S.C. § 227(c)(5) of the TCPA;

(e)     Award $1,500 in statutory damages for each and every call that Defendant or its agent willfully or knowingly placed in violation of 47 U.S.C. § 227(c)(5) of the TCPA;

(f)     Grant appropriate injunctive and declaratory relief, including, without limitation, an order requiring Defendant to implement measures to stop future violations of the TCPA; and

(g)     Grant such further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: July 20, 2018                    Respectfully submitted,

By: s/ *Adam Moskowitz*
Adam M. Moskowitz, Esq.
adam@moskowitz-law.com
Howard M. Bushman, Esq.
howard@moskowitz-law.com
Adam A. Schwartzbaum, Esq.
adams@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

By: s/ *Simon S. Grille*
Daniel C. Girard (*pro hac vice*)
dcg@girardgibbs.com
Angelica Ornelas (*pro hac vice*)
amo@girardgibbs.com
Simon S. Grille (*pro hac vice*)
sg@girardgibbs.com
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, CA 94108
Telephone: (415) 981-4800

*Counsel for Plaintiff and the Proposed Class*